UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO.

MAGISTRATE JUDGE _Bowler_

JANE DOE,
        Plaintiff,

v.

# 05 ˉ 1 1 0 8 0 GAO

SHERIFF OF ESSEX COUNTY d/b/a
ESSEX COUNTY CORRECTIONAL ALTERNATIVE
CENTER, FRANK G. COUSINS, JR., Individually and
in his Official Capacity as Sheriff of Essex County,
ANDOVER HOUSING AUTHORITY, and
CHRISTINE METZEMAKERS, Individually, and in her
Official Capacity as Executive Director of the Andover
Housing Authority,
        Defendants,

RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE __6/24/05__

## NOTICE OF REMOVAL

To:     United States District Court
        District of Massachusetts

        The petition of the defendants, assert:

1.      On or about April 25, 2005, plaintiff commenced a civil action against the defendants in
the Superior Court of the Commonwealth of Massachusetts, County of Essex, entitled **Jane Doe
v. Sheriff of Essex County, et al, Essex Superior Court CA No. 05-0643**. A copy of the
Complaint, and the Summons served on the defendant Sheriff of Essex County is attached hereto.

2.      The above-described action is a civil action of which this Court has original jurisdiction
under the provisions of 42 U.S.C. Section 1983, and is one which may be removed to this Court
by the defendants pursuant to the provisions of 28 U.S.C. Section 1441.  This is an action
alleging claims including those arising out of the Constitution of the United States.  The
defendants file this Notice of Removal within thirty (30) days of receipt of plaintiff's Complaint
and service of Summons upon them pursuant to 28 U.S.C. Section 1446(b).

1

3.    Written notice of the filing of this Notice shall be promptly served upon the plaintiff and filed with the Clerk of the Essex County Superior Court pursuant to 28 U.S.C. Section 1446(d).

4.    Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, the defendants shall file certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court with this Court.

**WHEREFORE,** petitioners respectfully pray that the action now pending against them in the Superior Court of the Commonwealth of Massachusetts in and for the County of Essex, be removed to the United States District Court for the District of Massachusetts.

Signed and sworn to under the penalties of perjury this 23rd day of May, 2005.

Defendants,
By their Attorney,

Douglas I. Louison  BBO# 545191
Stephen C. Pfaff  BBO#553057
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

### CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 23rd day of May, 2005, I served the foregoing by causing a copy to be mailed, postage prepaid, directed to Jeffrey Beeler, Esquire HEINLEIN & BEELER, P.C., 207 Union Street, South Natick, MA 01760 and Martin Rooney, Esquire, Curley & Curley, P.C., 27 School Street, Boston, MA 02108.

Stephen C. Pfaff

2

℥JS 44  (Rev. 11/04) **CIVIL COVER SHEET**

he JS 44 civil cover sheet and the information contained he       either replace nor supplement the filing and service of ple      .es or other papers as required by law, except as provided y local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating e civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| . (a)  **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Jane Doe | Sheriff of Essex County d/b/a Essex County Correctional Alternative Center, Frank G. Cousins, Andover Housing Authority, |
| **(b)**  County of Residence of First Listed Plaintiff      Essex<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant      Essex<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)**  Attorney's (Firm Name, Address, and Telephone Number)<br>Jeffrey Beeler, HEINLEIN & BEELER, PC, 207 Union Street,<br>South Natick, MA 01760 | Attorneys (If Known)<br>Stephen C. Pfaff, Esquire, MERRICK, LOUISON & COSTELLO,<br>LLP, 67 Batterymarch Street, Boston, MA 02110 |

| **I. BASIS OF JURISDICTION**   (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff |
|---|---|

(For Diversity Cases Only)                and One Box for Defendant)

| | | | | | | **PTF** | **DEF** | | | | **PTF** | **DEF** |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ❐ 1 | U.S. Government<br>Plaintiff | ❐ 3 | Federal Question<br>(U.S. Government Not a Party) | | Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place<br>of Business In This State | | | ❐ 4 | ❐ 4 |
| ❐ 2 | U.S. Government<br>Defendant | ❐ 4 | Diversity<br>(Indicate Citizenship of Parties in Item III) | | Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | | | ❐ 5 | ❐ 5 |
| | | | | | Citizen or Subject of a<br>Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | | | ❐ 6 | ❐ 6 |

**V.  NATURE OF SUIT** (Place an "X" in One Box Only)

| **CONTRACT** | **TORTS** | | **FORFEITURE/PENALTY** | **BANKRUPTCY** | **OTHER STATUTES** |
|---|---|---|---|---|---|
| ❐ 110 Insurance<br>❐ 120 Marine<br>❐ 130 Miller Act<br>❐ 140 Negotiable Instrument<br>❐ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>❐ 151 Medicare Act<br>❐ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>❐ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❐ 160 Stockholders' Suits<br>❐ 190 Other Contract<br>❐ 195 Contract Product Liability<br>❐ 196 Franchise | **PERSONAL INJURY**<br>❐ 310 Airplane<br>❐ 315 Airplane Product<br>  Liability<br>❐ 320 Assault, Libel &<br>  Slander<br>❐ 330 Federal Employers'<br>  Liability<br>❐ 340 Marine<br>❐ 345 Marine Product<br>  Liability<br>❐ 350 Motor Vehicle<br>❐ 355 Motor Vehicle<br>  Product Liability<br>❐ 360 Other Personal<br>  Injury | **PERSONAL INJURY**<br>❐ 362 Personal Injury -<br>  Med. Malpractice<br>❐ 365 Personal Injury -<br>  Product Liability<br>❐ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❐ 370 Other Fraud<br>❐ 371 Truth in Lending<br>❐ 380 Other Personal<br>  Property Damage<br>❐ 385 Property Damage<br>  Product Liability | ❐ 610 Agriculture<br>❐ 620 Other Food & Drug<br>❐ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❐ 630 Liquor Laws<br>❐ 640 R.R. & Truck<br>❐ 650 Airline Regs.<br>❐ 660 Occupational<br>  Safety/Health<br>❐ 690 Other<br>**LABOR**<br>❐ 710 Fair Labor Standards<br>  Act<br>❐ 720 Labor/Mgmt. Relations<br>❐ 730 Labor/Mgmt.Reporting<br>  & Disclosure Act<br>❐ 740 Railway Labor Act | ❐ 422 Appeal 28 USC 158<br>❐ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>❐ 820 Copyrights<br>❐ 830 Patent<br>❐ 840 Trademark<br><br><br>**SOCIAL SECURITY**<br>❐ 861 HIA (1395ff)<br>❐ 862 Black Lung (923)<br>❐ 863 DIWC/DIWW (405(g))<br>❐ 864 SSID Title XVI<br>❐ 865 RSI (405(g)) | ❐ 400 State Reapportionment<br>❐ 410 Antitrust<br>❐ 430 Banks and Banking<br>❐ 450 Commerce<br>❐ 460 Deportation<br>❐ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❐ 480 Consumer Credit<br>❐ 490 Cable/Sat TV<br>❐ 810 Selective Service<br>❐ 850 Securities/Commodities/<br>  Exchange<br>❐ 875 Customer Challenge<br>  12 USC 3410<br>❐ 890 Other Statutory Actions<br>❐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❐ 892 Economic Stabilization Act |
| ❐ 210 Land Condemnation<br>❐ 220 Foreclosure<br>❐ 230 Rent Lease & Ejectment<br>❐ 240 Torts to Land<br>❐ 245 Tort Product Liability<br>❐ 290 All Other Real Property | ❐ 441 Voting<br>❐ 442 Employment<br>❐ 443 Housing/<br>  Accommodations<br>❐ 444 Welfare<br>❐ 445 Amer. w/Disabilities -<br>  Employment<br>❐ 446 Amer. w/Disabilities -<br>  Other<br>❐ 440 Other Civil Rights | ❐ 510 Motions to Vacate<br>  Sentence<br>**Habeas Corpus:**<br>❐ 530 General<br>❐ 535 Death Penalty<br>❐ 540 Mandamus & Other<br>❐ 550 Civil Rights<br>❐ 555 Prison Condition | ❐ 790 Other Labor Litigation<br>❐ 791 Empl. Ret. Inc.<br>  Security Act | ❐ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❐ 871 IRS—Third Party<br>  26 USC 7609 | ❐ 893 Environmental Matters<br>❐ 894 Energy Allocation Act<br>❐ 895 Freedom of Information<br>  Act<br>❐ 900Appeal of Fee Determinatio<br>  Under Equal Access<br>  to Justice<br>❐ 950 Constitutionality of<br>  State Statutes |

| . **ORIGIN** (Place an "X" in One Box Only) | | | | | | Appeal to District |
|---|---|---|---|---|---|---|

| ❐ 1 Original<br>Proceeding | ❐ 2 Removed from<br>State Court | ❐ 3 Remanded from<br>Appellate Court | ❐ 4 Reinstated or<br>Reopened | ❐ 5 Transferred from<br>another district<br>(specify) | ❐ 6 Multidistrict<br>Litigation | ❐ 7 Judge from<br>Magistrate<br>Judgment |

| **I. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>42 USC Section 1983<br>Brief description of cause: |
|---|---|

| **II. REQUESTED IN**<br>**COMPLAINT:** | ❐ CHECK IF THIS IS A **CLASS ACTION**<br>UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**   ❐ Yes   ❐ No |
|---|---|---|---|

| **III. RELATED CASE(S)**<br>**IF ANY** | (See instructions):   JUDGE | DOCKET NUMBER |
|---|---|---|

| ATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

**OR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Jane Doe v. Sheriff of Essex County, et al

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

    local rule 40.1(a)(1)).

    ☐    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☑    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

    ☐    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ☐    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ☐    V.      150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                          YES ☐        NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?    (See
    28 USC §2403)

                                                                          YES ☐        NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                          YES ☐        NO ☑

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                          YES ☐        NO ☐

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                          YES ☑        NO ☐

        A.     If yes, in which division do all of the non-governmental parties reside?

               Eastern Division  ☑          Central Division  ☐          Western Division  ☐

        B.     If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
               agencies, residing in Massachusetts reside?

               Eastern Division  ☐          Central Division  ☐          Western Division  ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If
    yes, submit a separate sheet identifying the motions)

                                                                          YES ☐        NO ☐

    (PLEASE TYPE OR PRINT)

    ATTORNEY'S NAME Stephen C. Pfaff, Esquire, MERRICK, LOUISON & COSTELLO, LLP

    ADDRESS 67 Batterymarch Street, Boston, MA 02110

    TELEPHONE NO. 617-439-0305

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.
050643

Jane Doe
.................................................................................................................................., Plaintiff(s)

v.

Sheriff of Essex County, et al.,
.................................................................................................., Defendant(s)

**B**

## SUMMONS

To the above named Defendant: Sheriff of Essex County d/b/a Essex County Correctional Alternat Center.

You are hereby summoned and required to serve upon Jeffrey S. Beeler, Heinlein & Beeler,

plaintiff's attorney, whose address is 207 Union Street, Natick, MA , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

34 Federal Street, Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

### Barbara J. Rouse

WITNESS, Esquire, at Salem, the 25th
day of April , in the year of our Lord two thousand five

A TRUE COPY ATTEST
John Roberto
Special Process Server & Disinterested Person
APRiL 29, 2005

Thomas M. Driscoll Jr.
Clerk

RECEIVED

MAY 02 2005
ATTORNEY GENERAL'S OFFICE
TRIAL DIVISION

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHERIFF OF ESSEX COUNTY d/b/a | ) |
| ESSEX COUNTY CORRECTIONAL ALTERNATIVE | ) |
| CENTER, FRANK G. COUSINS, JR., Individually, | ) |
| and in his Official Capacity as Sheriff of Essex County, | ) |
| ANDOVER HOUSING AUTHORITY, and | ) |
| CHRISTINE METZEMAKERS, Individually, and in her | ) |
| Official Capacity as Executive Director of the Andover | ) |
| Housing Authority, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

### Introduction

This is a civil rights and tort case against the Defendants arising out of the beating

and rape of the Plaintiff, on April 26, 2003, at a property that was owned and controlled

by the Andover Housing Authority [AHA]. On that date, Alexander Mattei, an inmate at

the Essex County House of Correction, was on the premises of the AHA as part of a

community service/work release program run by the Essex County Sheriff under a

program referred to as the Essex County Correctional Alternative Center [CAC]. Despite

requirements that participating inmates be non-violent and properly supervised at all times,

Mattei, who was violent and unsupervised on April 26, 2002, beat and raped the Plaintiff

who is mentally handicapped and blind in her AHA apartment.

## **PARTIES**

1.  The Plaintiff, Jane Doe, was at all times relevant an individual who resided in Andover, County of Essex, Commonwealth of Massachusetts, who proceeds in this action under a pseudonym due to the nature of the events at issue. The Plaintiff is more fully identified in the Affidavit of Identity that is the subject of the Plaintiff's Ex Parte Emergency Motion to Impound.

2.  The Defendant, Sheriff of Essex County [Sheriff] d/b/a Essex County Correctional Alternative Center [CAC], at all times relevant had a usual place of business in Middleton, County of Essex, Commonwealth of Massachusetts.

3.  The Defendant, Frank G. Cousins, Jr. [Cousins], individually, and in his official capacity as Sheriff of Essex County, was at all times relevant the Sheriff of Essex County who maintained a usual place of business in Middleton, County of Essex, Commonwealth of Massachusetts.

4.  The Defendant, Andover Housing Authority [AHA], was at all times relevant a body politic and corporate, pursuant to M.G.L. c. 121B, § 1, et. seq., and corresponding sections of earlier laws, with a principal place of business in Andover, County of Essex, Commonwealth of Massachusetts.

5.  The Defendant, Christine Metzemakers, individually, and in her official capacity as executive director of the Andover Housing Authority was at all times relevant the executive director of the Andover Housing Authority who maintained a usual place of business in Andover, County of Essex, Commonwealth of Massachusetts.

2

## FACTS COMMON TO ALL COUNTS

6.  The Plaintiff repeats and realleges paragraphs 1 through 5 as though more fully set forth herein.

7.  On or about February 28, 1997, the AHA entered into an agreement with the Sheriff whereby the Sheriff would provide to the AHA community service workers from the CAC.

8.  From the inception of the CAC's work in Andover, and by January 20, 1998, at the latest, the Sheriff had affirmatively represented that CAC workers, all of whom were convicted criminals, were "carefully screened before being sent out to work."

9.  Indeed, applicable, law, regulation and policy required that such screening occur.

10. Moreover, the agreement between the AHA and the Sheriff, provided that CAC workers, would be supervised at all times.

11. On April 26, 2002, the Plaintiff was a tenant at the AHA's Grandview Terrace housing facility that was at all times relevant owned, operated or otherwise controlled by the AHA and Christine Metzemakers.

12. Grandview Terrace was at all times relevant an affordable housing facility for seniors and disabled persons.

13. The Plaintiff was at all times relevant a disabled person in that she is developmentally disabled and visually impaired.

14. On April 26, 2002, the AHA was using the services of workers from the CAC, including Alexander Mattei, for maintenance work.

3

15. At all times relevant, the CAC was owned, operated and/or otherwise controlled by the Sheriff and Cousins.

16. At all times relevant, Alexander Mattei had an extensive criminal record including, on information and belief, breaking and entering and assault and battery, and should not have been recommended for, or allowed to participate in, a community service/work release program that would necessarily put him in unfettered contact with particularly vulnerable individuals such as the Plaintiff.

17. Despite the obligations of the AHA, Metzemakers, Sheriff and Cousins to properly screen and supervise Mattei and explicit and implicit assurances of safety concerning the use of inmate labor in a Housing Authority facility for particularly vulnerable people, such as the Plaintiff, Mattei was placed in the program and unsupervised by either the AHA, Metzemakers, Sheriff or Cousins.

18. While participating in the community service/work release program and while unsupervised, Mattei, who had reportedly been previously convicted of breaking and entering and assault and battery, gained entry into the Plaintiff's apartment and proceeded to viciously beat and rape her.

19. On information and belief, the entry was facilitated, in part, due to the AHA's negligent failure to provide and maintain adequate locks on the Plaintiff's door, despite its statutory and regulatory obligation to do so.

20. The rape and injuries were originally caused by the negligence and/or gross negligence of the AHA, Metzemakers, Sheriff and Cousins.

4

21.  Mattei was subsequently convicted of related criminal charges and sentenced to 30
     to 35 years in state prison.

22.  Pursuant to M.G.L. c. 258, § 4, the Plaintiff timely presented her claims to the
     AHA and Sheriff. See Ex. A.[1]

23.  The AHA and Sheriff have finally denied the Plaintiff's claims.

## COUNT I
## JANE DOE v. ANDOVER HOUSING AUTHORITY
## (NEGLIGENCE)

24.  The Plaintiff repeats and realleges paragraphs 1 through 23 as though more fully
     set forth herein.

25.  The Defendant, AHA, owed the Plaintiff a duty of reasonable care in connection
     with its ownership, management, operation and maintenance of the property rented
     to the Plaintiff.

26.  The AHA breached its duty to the Plaintiff in that it, among other things,
     negligently and carelessly:

     a.   provided inadequate locking mechanisms on the apartment rented to the
          Plaintiff;

     b.   brought dangerous, unsupervised criminals onto a property that housed
          particularly vulnerable elderly and handicapped people, such as the
          Plaintiff, who would be easy prey for such criminals;

---

[1] The appended presentment letters have been redacted to protect the Plaintiff's privacy.

5

     c.     inadequately screened and allowed dangerous, unsupervised criminals, such

as Alexander Mattei, onto a property that housed particularly vulnerable

elderly and handicapped people, such as the Plaintiff, who would be easy

prey for such criminals; and,

     d.     failing to otherwise maintain the premises in a reasonably safe and well-

kept condition.

27.     As a direct and proximate result of the AHA's negligence, the Plaintiff suffered

severe, painful and permanent personal injuries and has incurred substantial

medical costs and will incur substantial costs in the future.

WHEREFORE, the Plaintiff demands judgment as against the Defendant, AHA,

jointly and severally, with all other defendants herein, in an amount that the finder of fact

deems meet and just, plus costs and interest thereon.

## COUNT II
## JANE DOE v. ANDOVER HOUSING AUTHORITY
## (GROSS NEGLIGENCE)

28.     The Plaintiff repeats and realleges paragraphs 1 through 27 as though more fully

set forth herein.

29.     The AHA was grossly negligent in that it, among other things,:

     a.     provided inadequate locking mechanisms on the apartment rented to the

Plaintiff when it knew it was bringing criminals to the property;

     b.     brought dangerous, unsupervised criminals onto a property that housed

particularly vulnerable elderly and handicapped people, such as the

Plaintiff, who would be easy prey for such criminals;

6

    c.       inadequately screened and allowed dangerous, unsupervised criminals, such

as Alexander Mattei, onto a property that housed particularly vulnerable

elderly and handicapped people, such as the Plaintiff, who would be easy

prey for such criminals; and,

    d.       failed to otherwise maintain the premises in a reasonably safe and well-kept

condition.

30.     As a direct and proximate result of the Defendant, AHA's, gross negligence the

Plaintiff suffered severe, painful and permanent personal injuries and has incurred

substantial medical costs and will incur substantial costs in the future.

        WHEREFORE, the Plaintiff demands judgment as against the Defendant, AHA,

jointly and severally, with all other defendants herein, in an amount that the finder of fact

deems meet and just, plus costs and interest thereon.

**COUNT III**
**JANE DOE v. ANDOVER HOUSING AUTHORITY**
**(BREACH OF WARRANTY OF HABITABILITY)**

31.     The Plaintiff repeats and realleges paragraphs 1 through 30 as though more fully

set forth herein.

32.     The Defendant, AHA, warranted by law and by contract to the Plaintiff that the

Plaintiff's apartment was habitable and in accordance with the state sanitary code.

33.     The Defendant, AHA, breached the warranty of habitability by, among other

things,:

    a.       failing to properly inspect the premises; and,

7

b.  failing to provide, install and maintain locks on the door such that
the door was capable of being secured.

34. As a direct and proximate result of the AHA's breach of warranty of habitability,
the Plaintiff suffered severe, painful and permanent personal injuries and has
incurred substantial medical costs and will incur substantial costs in the future.

WHEREFORE, the Plaintiff demands judgment as against the Defendant, AHA,
jointly and severally, with all other defendants herein, in an amount that the finder of fact
deems meet and just, plus costs and interest thereon.

## COUNT IV
## JANE DOE v. ANDOVER HOUSING AUTHORITY
### (BREACH OF THE COVENANT OF QUIET ENJOYMENT)

35. The Plaintiff repeats and realleges paragraphs 1 through 34 as though more fully
set forth herein.

36. As a result of the above, the Defendant breached the covenant of quiet enjoyment
in violation of M.G.L. c. 186, § 14.

WHEREFORE, the Plaintiff demands judgment against the Defendant, jointly and
severally with all other Defendants herein, as provided for by M.G.L. c. 186, § 14, plus
costs, interest and attorney's fees.

8

## COUNT V
## JANE DOE v. SHERIFF
### (NEGLIGENCE)

37.   The Plaintiff repeats and realleges paragraphs 1 through 36 as though more fully
      set forth herein.

38.   The Defendant, Sheriff, owed the Plaintiff a duty of reasonable care in connection
      with its operation of and control over the activities of the CAC and its provision of
      inmate labor to the AHA.

39.   The Sheriff breached its duty to the Plaintiff in that it, among other things,
      negligently and carelessly:

      a.    brought dangerous, unsupervised criminals onto a property that housed
            particularly vulnerable elderly and handicapped people, such as the
            Plaintiff, who would be easy prey for such criminals;

      b.    provided dangerous, unsupervised criminals for work at a property that
            housed particularly vulnerable elderly and handicapped people, such as the
            Plaintiff, who would be easy prey for such criminals;

      c.    inadequately screened and allowed dangerous criminals, such as Alexander
            Mattei, to participate in a program that led to Mattei's being at a property
            that housed particularly vulnerable elderly and handicapped people, such as
            the Plaintiff, who would be easy prey for such criminals; and,

      d.    failed to otherwise carry on the activities of the CAC in a reasonably safe
            manner in light of the foreseeable risk of harm such activities presented.

9

Plaintiff, who would be easy prey for such criminals;

c.    inadequately screened and allowed dangerous criminals, such as Alexander
Mattei, to participate in a program that led to Mattei's being at a property
that housed particularly vulnerable elderly and handicapped people, such as
the Plaintiff, who would be easy prey for such criminals; and,

d.    failed to otherwise carry on the activities of the CAC in a reasonably safe
manner in light of the foreseeable risk of harm such activities presented.

47.    As a direct and proximate result of Cousins' negligence, the Plaintiff suffered
severe, painful and permanent personal injuries and has incurred substantial
medical costs and will incur substantial costs in the future.

WHEREFORE, the Plaintiff demands judgment as against the Defendant, Cousins,
jointly and severally, with all other defendants herein, in an amount that the finder of fact
deems meet and just, plus costs and interest thereon.

## COUNT VIII
## JANE DOE v. SHERIFF
### (GROSS NEGLIGENCE)

48.    The Plaintiff repeats and realleges paragraphs 1 through 47 as though more fully
set forth herein.

49.    Cousins was grossly negligent in that it, among other things, he:

a.    brought dangerous, unsupervised criminals onto a property that housed
particularly vulnerable elderly and handicapped people, such as the
Plaintiff, who would be easy prey for such criminals;

12

b.  provided dangerous, unsupervised criminals onto a property that housed particularly vulnerable elderly and handicapped people, such as the Plaintiff, who would be easy prey for such criminal;

c.  inadequately screened and allowed dangerous criminals, such as Alexander Mattei, onto a property that housed particularly vulnerable elderly and handicapped people, such as the Plaintiff, who would be easy prey for such criminals; and,

d.  failed to otherwise maintain the premises in a reasonably safe and well-kept condition.

50.  As a direct and proximate result of Cousins' gross negligence, the Plaintiff suffered severe, painful and permanent personal injuries and has incurred substantial medical costs and will incur substantial costs in the future.

WHEREFORE, the Plaintiff demands judgment as against the Defendant, jointly and severally with all other defendants herein, in an amount that the finder of fact deems meet and just, plus costs and interest thereon.

## Count IX
## JANE DOE v. ANDOVER HOUSING AUTHORITY and CHRISTINE METZEMAKERS, INDIVIDUALLY, and in her OFFICIAL CAPACITY as EXECUTIVE DIRECTOR OF THE ANDOVER HOUSING AUTHORITY
### (Civil Rights Violations, 42 U.S.C § 1983, et seq.)

51.  The Plaintiff repeats and realleges paragraphs 1 through 50 as though more fully set forth herein.

13

52.    At all times material, the Defendants were acting under color of the law, statutes, ordinances and regulations of the Commonwealth of Massachusetts, the Essex County Sheriff's Department and the Andover Housing Authority.

53.    As all times material, the AHA's Grandview Terrace was intended to house in a safe manner those who were particularly vulnerable, such as the elderly and those with physical and mental handicaps, such as the Plaintiff.

54.    Due to the nature of the facility, and the AHA's obligations under law and regulation, the Defendants had a special relationship with the Plaintiff akin to that owed one in custody whereby they had an affirmative obligation to ensure that they, in conjunction with the activities of the Sheriff, did not create a danger such as that created by the use of inmate labor at the premises.

55.    At all times material, the Defendants knew that they had an affirmative obligation, as set forth by law, regulation and policy to properly supervise all participants in the CAC program such as Mattei, who at all times relevant remained in the custody of the Sheriff and subject to supervision by the Sheriff and the Defendants.

56.    At all times relevant, the Defendants in conjunction with the Sheriff, affirmatively represented to the AHA and its residents, such as the Plaintiff with whom the Defendants had a special relationship, that CAC participants were carefully screened and were non-violent offenders who would not pose an unreasonable risk of harm to those with whom they would be put in contact by the Defendants, such as the Plaintiff.

14

57. Despite the Defendants': (a) knowledge of their obligations; (b) knowledge of the obvious risk of serious harm if they failed to properly discharge their obligations; and, (c) affirmative representations of compliance therewith, the Defendants, by conduct that shocks the conscience and with deliberate indifference, created an extremely dangerous risk of harm to the Plaintiff, by placing Mattei in a position where he had unfettered access to her.

58. By the actions described above, the Defendants deprived the Plaintiff of her clearly established constitutional rights including her constitutionally recognized liberty interest under the Fourteenth Amendment and the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Massachusetts, to safety in her personal and bodily integrity and freedom from sexual molestation and rape by an inmate who at all times relevant remained in the custody of the Sheriff and was subject to supervision by all of the Defendants.

59. As a direct and proximate result of the acts and omissions of Defendants, plaintiff was forced to endure great anguish and anxiety, was forced to suffer severe and painful physical and psychological injuries and was subjected to humiliation and degradation.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally with all other Defendants herein, in an amount that the finder of fact deems fair and just, plus punitive damages, costs, interest, attorney's fees and such other relief as the Court deems just and proper.

15

participants were carefully screened and were non-violent offenders who would not pose an unreasonable risk of harm to those with whom they would be put in contact by the Sheriff, such as the Plaintiff.

65.  Despite the Defendants': (a) knowledge of their obligations; (b) knowledge of the obvious risk of serious harm if they failed to properly discharge their obligations; and, (c) affirmative representations of compliance therewith, the Defendants, by conduct that shocks the conscience and with deliberate indifference created an extremely dangerous risk of harm to the Plaintiff, by placing Mattei in a position where he had unfettered access to her.

66.  By the actions described above, the Defendants deprived the Plaintiff of her clearly established constitutional rights including her constitutionally recognized liberty interest under the Fourteenth Amendment, the Constitution and laws of the United States and the Constitution and laws of the Commonwealth of Massachusetts, to safety in her personal and bodily integrity and freedom from sexual molestation and rape by an inmate who at all times relevant remained in the custody of the Defendants.

67.  As a direct and proximate result of the acts and omissions of Defendants, plaintiff was forced to endure great anguish and anxiety, was forced to suffer severe and painful physical and psychological injuries and was subjected to humiliation and degradation.

17

WHEREFORE, the Plaintiff demands judgment against the Defendants,

jointly and severally with all other Defendants herein, in an amount that the finder

of fact deems fair and just, plus punitive damages, costs, interest, attorney's fees

and such other relief as the Court deems just and proper.

THE PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO

TRIABLE.

                                  Respectfully submitted,
                                  The Plaintiffs,
                                  By their attorneys,



                                  JEFFREY S. BEELER (BBO #563679)
                                  HEINLEIN & BEELER, P.C.
                                  207 Union Street
                                  S. Natick, MA 01760
                                  (508) 655-8700 (Tel)
                                  (508) 655-2700 (Fax)

18

# EXHIBIT A

# HEINLEIN & BEELER, P.C.

## ATTORNEYS AT LAW

**207 Union Street**
**S. Natick, Massachusetts 01760**
**www.massinjuryattorneys.com**

David W. Heinlein
Jeffrey S. Beeler*

Telephone: (508) 655-8700
Facsimile: (508) 655-2700

Scott R. Pearl
*Also Admitted in Connecticut and Maine

April 6, 2004

<u>Via Certified Mail 7000 0600 0029 1057 9822,</u>
<u>Return Receipt Requested</u>
Randall L. Hanson
Andover Town Clerk
Town Offices
36 Bartlett Street
Andover, MA 01810

<u>Via Certified Mail 7000 0600 0029 1057 9839,</u>
<u>Return Receipt Requested</u>
Brian Major, Chairman
Andover Board of Selectmen
Town Offices
36 Bartlett Street
Andover, MA 01810

<u>Via Certified Mail 7000 0600 0029 1057 9846,</u>
<u>Return Receipt Requested</u>
Frank G. Cousins, Jr., Sheriff
Essex County Sheriff's Department
20 Manning Street
P.O. Box 807
Middleton, MA 01949

<u>Via Certified Mail 7000 0600 0029 1057 9853,</u>
<u>Return Receipt Requested</u>
Essex County Sheriff's Department
c/o Thomas F. Riley, Attorney General
Comm. of Massachusetts
One Ashburton Place, 20th Floor
Boston, MA 02108

<u>Via Certified Mail 7000 0600 0029 1057 9860,</u>
<u>Return Receipt Requested</u>
Essex County Correctional Alternative Center
c/o Thomas F. Riley, Attorney General
Comm. of Massachusetts
One Ashburton Place, 20th Floor
Boston, MA 02108

<u>Via Certified Mail 7000 0600 0029 1057 9877,</u>
<u>Return Receipt Requested</u>
Joseph A. Furnari, Superintendent
Essex County Correctional Alternative Center
165 Marston Street
Lawrence, MA 01841

<u>Via Certified Mail 7000 0600 0029 1057 9884,</u>
<u>Return Receipt Requested</u>
Christine Metzemaekers
Executive Director
Andover Housing Authority
100 Morton Street
Andover, MA 01810

<u>Via Certified Mail 7000 0600 0029 1057 9891,</u>
<u>Return Receipt Requested</u>
Ronald C. Hajj, Chairman
Andover Housing Authority
100 Morton Street
Andover, MA 01810

<u>Via Certified Mail 7000 0600 0029 1057 9907,</u>
<u>Return Receipt Requested</u>
Essex County Commissioners
c/o Thomas F. Riley, Attorney General
Comm. of Massachusetts
One Ashburton Place, 20th Floor
Boston, MA 02108

<u>Via Certified Mail 7000 0600 0029 1057 9914,</u>
<u>Return Receipt Requested</u>
Edward A. Flynn, Secretary
Executive Office of Public Safety
1 Ashburton Place
Room 2133
Boston, MA 02108

Re:    My Client:    █████████
       D.O.L:        April 26, 2002
       <u>Letter of Presentment Pursuant to M.G.L. c. 258 of Claims Against the Town of</u>
       <u>Andover, Essex County, Essex County Sheriff's Department, Essex County</u>
       <u>Correctional Alternative Center and Andover Housing Authority</u>

Letter of Presentment
Page 2 of 3
April 6, 2004

_____

Gentlemen and Ms. Metzemaekers:

    Please be advised that I represent ████████████ in connection with serious personal injuries that she sustained on April 26, 2002.

    As you may be aware, on April 26, 2002, my client, ████████████ was a tenant at the Grandview Terrace housing facility that was owned, operated or otherwise controlled by the Town of Andover and/or the Andover Housing Authority. Grandview Terrace is an affordable housing facility for seniors and disabled persons. ████████████ is such a disabled person in that she is developmentally disabled and visually impaired. On that date, the Housing Authority was using the services of workers from the Essex County Correctional Alternative Center [CAC] in Lawrence for maintenance work. As you may know, at all times since the Housing Authority began using CAC services in approximately February of 1997, the CAC was owned, operated and/or otherwise controlled by Essex County and/or the Essex County Sheriff's Department [Sheriff].

    On April 26, 2002, one of the inmates of the CAC who was brought to the Grandview Terrace facility by the Housing Authority and Sheriff was Alexander Mattei. At the time, Mattei had an extensive criminal record. At all times, pursuant to the contract between the Sheriff/CAC and the Town of Andover/Housing Authority, inmates, such as Mattei, were to be supervised at all times. Nevertheless, despite this obligation to supervise and explicit and implicit assurances of safety concerning the use of inmate labor in a Housing Authority facility for particularly vulnerable people such as ████████████ Mattei was unsupervised. While unsupervised, Mattei, who had reportedly been previously convicted of breaking and entering and assault and battery, gained entry into ████████████ apartment and proceeded to viciously beat and rape her. The entry may have been facilitated due to the Housing Authority's negligent failure to provide and maintain adequate locks on ████████████ door, despite its statutory and regulatory obligation to do so. As I trust you are aware, Mattei was recently convicted of related criminal charges and sentenced to 30 to 35 years in state prison.

    The actions of the Sheriff, Essex County, Town of Andover and Housing Authority in bringing a known, dangerous and unsupervised criminal such as Mattei to a housing complex such as Grandview Terrace were negligent and constitute the original cause of the harm that befell ████████████. See Kent v. Commonwealth, 437 Mass. 312 (2002). Moreover, such actions by the Sheriff, Essex County, Town of Andover and Housing Authority will be properly viewed as grossly negligent and liability will properly attach to each pursuant to the provisions of M.G.L. c. 258. Further, it is plain that certain types of convicts were ineligible to participate in the CAC's work release program. Accordingly, Mattei's involvement in the program should never have been recommended, approved and or continued by the Sheriff, Essex County, Town of Andover and Housing Authority. This is particularly the case given the Housing Authority's stated position that the Sheriff misled it as to the criminal backgrounds of those in the CAC program. Consistent with the holding of Bonnie W. v. Commonwealth, 419 Mass. 122 (1994) and other relevant cases, the Sheriff, Essex County, Town of Andover and Housing Authority face substantial exposure to c. 258 and other claims that will not afford an arbitrary damages cap such as that set forth in c. 258.

Letter of Presentment
Page 3 of 3
April 6, 2004

Demand, therefore, is hereby made on the Town of Andover, Essex County, Sheriff and Housing Authority for the statutory maximum of $100,000.00 each.

I respectfully suggest that unlike the usual c. 258 case, the Town of Andover, Essex County, Sheriff and Housing Authority should avail themselves of the opportunity afforded them under c. 258 to resolve this case prior to suit. As reflected in the pervasive publicity surrounding this incident, serious errors were made that reflect poorly on all involved. Moreover, you should further be advised that if litigation becomes necessary, we have no intention of being satisfied with the remedies afforded by c. 258. We will advance all available claims and, given the underlying horrific facts, we intend to petition for a special act of the legislature to remove this claim from the strictures of c. 258.

Thank you for your kind attention to this matter.

Truly yours,

Jeffrey S/ Bheeler

JSB:nb

# HEINLEIN & BEELER, P.C.

## ATTORNEYS AT LAW
### 207 Union Street
### S. Natick, Massachusetts 01760
### www.massinjuryattorneys.com

David W. Heinlein
Jeffrey S. Beeler*

Telephone: (508) 655-8700
Facsimile:   (508) 655-2700

Scott R. Pearl
*Also Admitted in Connecticut and Maine

April 6, 2004

**Via Certified Mail**
**Return Receipt Requested**
Christine Metzemaekers
Executive Director
Andover Housing Authority
100 Morton Street
Andover, MA 01810

Re:    My Client:
       D.O.L.:          April 26, 2002
       **Supplemental Letter of Presentment Pursuant to M.G.L. c. 258 of Claims**
       **Against the Andover Housing Authority**

Dear Ms. Metzemaekers:

Please consider this letter as a supplementation of our c. 258 letter of presentment of today's date. For your convenience, a copy of our initial letter of presentment is enclosed and it is hereby incorporated by reference.

The purpose of this supplemental letter is to advise that in addition to the various theories advanced in the initial letter of presentment, we will be advancing claims based on theories of breach of warranty of habitability and breach of the covenant of quiet enjoyment. As you know from the enclosed letter, defects with          lock and/or its maintenance may have facilitated Mr. Mattei's entry into her apartment. Such defects or maintenance failures would constitute a breach of the warranty of habitability. Further, the events as set forth in the initial letter would support a claim for breach of the covenant of quiet enjoyment. If we are unable to resolve this matter within the next six (6) months as contemplated by c. 258, we will advance such claims as appropriate.

Thank you for your kind attention to this matter.

Truly yours,

Jeffrey S. Beeler

JSB:nb
Enc.