UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:
05-11080-GAO

JANE DOE,
Plaintiff,

v.

SHERIFF OF ESSEX COUNTY, d/b/a
Essex County Correctional Alternative
Center,
FRANK G. COUSINS, JR., Individually and
in his official capacity as SHERIFF OF
ESSEX COUNTY,
ANDOVER HOUSING AUTHORITY,
and CHRISTINE METZEMAEKERS,
Individually and in her official capacity as
Executive Director of the ANDOVER
HOUSING AUTHORITY,
Defendants.

## ANSWER AND JURY CLAIM OF DEFENDANTS
ANDOVER HOUSING AUTHORITY AND
CHRISTINE METZEMAEKERS, Individually
and in her Official Capacity.

### Introduction:

A.     The introduction does not require a specific response under the rules. To the

extent that it alleges facts against the AHA or Ms. Metzemaeker, the

Defendants deny such allegations.

-2-

### Parties:

1. These Defendants admit on information and belief the allegations of paragraph 1.

2. These Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraphs 2 and 3.

3. These Defendants admit paragraphs 4 and 5.

### Facts:

4. In response to paragraph 6, the Defendants repeat and incorporate by reference the responses to paragraphs 1-5.

5. In response to paragraph 7, the Defendants admit an agreement was entered into, but state that this description of the agreement is incomplete and that to the extent this paragraph references a specific document, the document speaks for itself.

6. The Defendants admit paragraph 8.

7. Paragraph 9 is a legal statement for which no reply is required.

8. In response to paragraph 10, the Defendants admit an agreement was entered into, but state that this description of the agreement is incomplete and that to the extent this paragraph references a specific document, the document speaks for itself.

9. In response to paragraph 11, the Defendants admit that Plaintiff was a tenant at the locale noted, and admit that the facility was owned and operated by the

-3-

AHA, but deny that Defendant Metzemaekers owned, operated or otherwise controlled Grandview Terrace.

10.    The Defendants admit paragraph 12, and further states that the project is operated in accord with MGL c. 121B.

11.    The Defendants admit that Plaintiff is visually impaired, and are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 13.

12.    In response to paragraph 14, the Defendants state that the Authority had contracted with the Sheriff to use workers from CAC for various tasks, including maintenance. The Authority did not know Mr. Mattei would be assigned to the AHA on the day in question until he appeared for work.

13.    These Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 15; however on information and belief understand this to be true.

14.    These Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 16.

15.    The Defendants deny, in response to paragraph 17, that they had any duty to properly screen or guard Mattei, deny they made any assurance of safety to anyone concerning the use of inmate labor, deny that Plaintiff is "particularly vulnerable", whatever that phrase means, and deny they did not appropriately supervise Mattei. These Defendants are without knowledge or information

-4-

sufficient to admit or deny the remaining allegations of paragraph 17.

16. In response to paragraph 18, the Defendants admit that Mattei was participating in the community service/work release program, deny that he was unsupervised, lack knowledge or information sufficient to form a belief as to the nature of Mattei's criminal record, and are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 18.

17. The Defendants deny that they negligently failed to maintain adequate locks on Plaintiff's door, and further state that the remaining allegations are an incomplete and misleading statement of law.

18. The Defendants deny paragraph 20.

19. On information and belief, the Defendants admit paragraph 21.

20. The Defendants admit paragraphs 22 and 23.

**Count I:**

21. In response to paragraph 24, the Defendants repeat and incorporate by reference their responses to paragraphs 1-23.

22. The Defendants deny paragraph 25 as it is an incomplete and therefore misleading statement of law.

23. The Defendants deny paragraphs 26 and 27 and further state that the plaintiff is not entitled to the relief requested.

**Count II:**

-5-

24.    In response to paragraph 28, the Defendants repeat and incorporate by
       reference their responses to paragraphs 1-27.

25.    The Defendants deny paragraphs 29 and 30 and further state that the Plaintiff
       is not entitled to the relief requested.

**Count III:**

26.    In response to paragraph 31, the Defendants repeat and incorporate by
       reference their responses to paragraphs 1-30.

27.    The Defendants deny paragraph 32 as it is an incomplete and therefore
       misleading statement of law.

28.    The Defendants deny paragraphs 33 and 34, and further state that the Plaintiff
       is not entitled to the relief requested.

**Count IV:**

29.    In response to paragraph 35, the Defendants repeat and incorporate by
       reference their responses to paragraphs 1-34.

25.    The Defendants deny paragraph 37and further state that the Plaintiff is not
       entitled to the relief requested.

**Counts V, VI, VII, VIII:**

26.    These counts do not pertain to these Defendants and accordingly they have no
       duty to respond thereto.


**Count IX:**

-6-

27. In response to paragraph 51, the Defendants repeat and incorporate by reference their responses to paragraphs 1-50.

28. In response to paragraph 52, the Defendants admit they were acting under color of law and the statutes, regulations and ordinances of the Commonwealth, but deny the remaining allegations.

29. The Defendants deny paragraph 53 as they do not know the legal definition of "particularly vulnerable", and that the remaining allegations are an incomplete and therefore misleading statement of law.

30. The Defendants deny paragraph 54.

31. The Defendants in response to paragraph 55 deny they had any legal obligations to supervise Mattei, but admit that Mattei remained at all relevant time in the custody of the Sheriff and subject to supervision by the Sheriff.

32. In response to paragraph 56,                    , further the Defendants deny they had a "special relationship" with the Plaintiff.

33. The Defendants deny paragraphs 57, 58 and 59 and further state that the Plaintiff is not entitled to the relief requested.

**First Affirmative Defense:**

34. The complaint fails to state claims upon which relief can be granted as to both Defendants.

**Second Affirmative Defense:**

-7-

35.    Defendants are immune from liability under MGL c. 258.

**Third Affirmative Defense:**

36.    The claims are barred or limited by the provisions of MGL c. 258, including
       without limitation the notice provisions thereof, Section 10, the discretionary
       function doctrine, and the caps on liability.

**Fourth Affirmative Defense:**

37.    The injuries and damages complained of were caused in whole or in part by
       the negligence or conduct of persons or entities for which these Defendants are
       not legally responsible.

**Fifth Affirmative Defense:**

38.    The injuries and damages complained of were caused in whole or in part by
       the negligence or conduct of the Plaintiff, which negligence exceeded that of
       the Defendants, if any.

**Sixth Affirmative Defense:**

39.    The individual Defendant has absolute or qualified immunity for all claims.

**Seventh Affirmative Defense:**

40.    The Defendants acted in good faith, in a reasonable manner, in a discretionary
       manner, for the public good in accord with a public duty, and lawfully.

**Eighth Affirmative Defense:**

41.    There is no proximate causation between any actions or failures to act of the
       Defendants and the injuries alleged.

-8-

**Ninth Affirmative Defense:**

42.    These claims are barred by an intervening and/or superceding cause.

THE DEFENDANTS CLAIM A TRIAL BY JURY ON ALL ISSUES.

By their attorneys,

CURLEY & CURLEY, P.C.

/s/ Martin J. Rooney

Martin J. Rooney, Esq.
BBO# 426910
27 School Street
Boston MA 02108
617/523-2990

**CERTIFICATE OF SERVICE**

I, Martin J. Rooney, Esq., hereby certify that I served by first class mail, postage prepaid, a true and correct copy of the foregoing pleading to the following counsel of record: Jeffrey S. Beeler, Esq., Heinlein & Beeler, PC, 207 Union Street, S. Natick, MA 01760; and Stephen C. Pfaff, Esq., Merrick Louison & Costello, LLP, 67 Batterymarch St., Boston MA 02110.

DATE: May 31, 2005

/s/ Martin J. Rooney
Martin J. Rooney, Esq.
BBO # 426910

-9-