UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO.  05CV11080GAO

JANE DOE,
    Plaintiff,

v.

SHERIFF OF ESSEX COUNTY d/b/a
ESSEX COUNTY CORRECTIONAL ALTERNATIVE
CENTER, FRANK G. COUSINS, JR., Individually and
in his Official Capacity as Sheriff of Essex County,
ANDOVER HOUSING AUTHORITY, and
CHRISTINE METZEMAKERS, Individually, and in her
Official Capacity as Executive Director of the Andover
Housing Authority,
    Defendants,

## ANSWER AND CROSSCLAIM OF DEFENDANT
## FRANK G. COUSINS, JR. INDIVIDUALLY

### PARTIES

1. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 1.

2. Paragraph 2 is an allegation against the defendant Sheriff of Essex County d/b/a Essex County Correctional Alternative Center and does not require an admission or denial by defendant Frank G. Cousins, Jr.

3. The defendant admits to the allegations contained in paragraph 3.

4. The defendant is unable to admit or deny the allegations contained in paragraph 4.

5. The defendant is unable to admit or deny the allegations contained in paragraph 5.

## FACTS COMMON TO ALL COUNTS

6.  The defendant reasserts his responses to paragraph 1 through 5 as if fully incorporated herein.

7.  The defendant admits that there is an agreement between the Essex County Sheriff's Department and the Andover Housing Authority ("AHA") in which inmates from the Correctional Alternative Center ("CAC") would be doing community service work for AHA, but state that this description of the agreement is incomplete, and that to the extent this paragraph references a specific document, the document speaks for itself.

8.  The defendant denies the allegations contained in paragraph 8.

9.  The defendant denies the allegations contained in paragraph 9.

10. The defendant admits that there is an agreement between the Essex County Sheriff's Department and the Andover Housing Authority ("AHA") in which inmates from the CAC would be doing community service work for AHA, but state that this description of the agreement is incomplete, and that to the extent this paragraph references a specific document, the document speaks for itself.

11. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 11.

12. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 12.

13. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 13.

14. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 14.

15. Defendant Sheriff Cousins admits to the allegations contained in paragraph 15.

16. Defendant Sheriff Cousins admits that Alex Mattei had a criminal record but denies the remaining allegations contained in paragraph 16.

17. The defendant denies the allegations contained in paragraph 17.

18. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 18.

19. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 19.

20. The defendant denies the allegations contained in paragraph 20.

21. The defendant is without sufficient information to admit or deny the allegations contained in paragraph 21.

22. The defendant denies the allegations contained in paragraph 22.

23. The defendant admits that the plaintiff's claims have been denied.

**COUNT I - JANE DOE v. ANDOVER HOUSING AUTHORITY (NEGLIGENCE)**

24.-27. These are allegations against the defendant AHA and do not require a response by defendant Sheriff Cousins.

**COUNT II - JANE DOE v. ANDOVER HOUSING AUTHORITY (GROSS NEGLIGENCE)**

28.-30. These are allegations against the defendant AHA and do not require a response by defendant Sheriff Cousins.

**COUNT III - JANE DOE v. ANDOVER HOUSING AUTHORITY**

### (BREACH OF WARRANTY OF HABITABILITY)

31.-34. These are allegations against the defendant AHA and do not require a response by defendant Sheriff Cousins.

### COUNT IV - JANE DOE v. ANDOVER HOUSING AUTHORITY (BREACH OF THE COVENANT OF QUIET ENJOYMENT)

35.-36. These are allegations against the defendant AHA and do not require a response by defendant Sheriff Cousins.

### COUNT V- JANE DOE v. FRANK G. COUSINS

37. The defendant reasserts his responses to paragraphs 1 through 36 as if fully incorporated herein.

38. The defendant denies the allegations contained in paragraph 38.

39. The defendant denies the allegations contained in paragraph 39.

40. The defendant denies the allegations contained in paragraph 40.

### COUNT VI- JANE DOE v. FRANK G. COUSINS (GROSS NEGLIGENCE)

41. The defendant reasserts his responses to paragraphs 1 through 40 as if fully incorporated herein.

42. The defendant denies the allegations contained in paragraph 42.

43. The defendant denies the allegations contained in paragraph 43.

### COUNT VII- JANE DOE v. FRANK G. COUSINS (NEGLIGENCE)

44. The defendant reasserts his responses to paragraphs 1 through 43 as if fully incorporated herein.

45. The defendant denies the allegations contained in paragraph 45.

46. The defendant denies the allegations contained in paragraph 46.

47. The defendant denies the allegations contained in paragraph 47.

### **COUNT VIII - JANE DOE v. FRANK G. COUSINS**

48. The defendant reasserts his responses to paragraphs 1 through 36 as if fully incorporated herein.

49. The defendant denies the allegations contained in paragraph 49.

50. The defendant denies the allegations contained in paragraph 50.

### **COUNT IX - JANE DOE v. AHA AND CHRISTINE METZEMAKERS**

51.-59. These are allegations against the co-defendants AHA and Metzemakers and do not require an admission or denial from defendant Cousins.

### **COUNT X- JANE DOE v. FRANK G. COUSINS**

60. The defendant reasserts his responses to paragraphs 1 through 59 as if fully incorporated herein.

61. The defendant denies the allegations contained in paragraph 61.

62. The defendant denies the allegations contained in paragraph 62

63. The defendant denies the allegations contained in paragraph 63.

64. The defendant denies the allegations contained in paragraph 64.

65. The defendant denies the allegations contained in paragraph 65.

66. The defendant denies the allegations contained in paragraph 66.

67. The defendant denies the allegations contained in paragraph 67.

### **JURY DEMAND**

The defendants request a trial by jury on all counts.

## AFFIRMATIVE DEFENSES

**First**

The plaintiff has failed to state a claim upon which relief can be granted.

**Second**

The plaintiff has failed to comply with the statute of limitations.

**Third**

The plaintiff has waived liability against the defendants.

**Fourth**

The plaintiff has released the defendants from liability.

**Fifth**

The defendant is qualifiedly immuned from liability.

**Sixth**

None of the allegations made by the plaintiff rise to a federal or state constitutional or statutory violation.

**Seventh**

The plaintiff is comparatively negligent.

**Eighth**

The plaintiff is contributorily negligent.

**Ninth**

Any of the injuries allegedly sustained by the plaintiff are the direct result of his own acts/omissions.

**Tenth**

Any of the injuries allegedly sustained by the plaintiff are the direct result of the acts/omissions of a third party.

**Eleventh**

The plaintiff has failed to comply with the statutory presentment requirements of MGL ch. 258.

## DEFENDANT FRANK COUSINS' CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST CO-DEFENDANTS ANDOVER HOUSING AUTHORITY AND METZEMAKERS

1. The defendant Sheriff Frank G. Cousins is a defendant in the action brought by the plaintiff Jane Doe, United States District Court Civil Action No: 05CV11080GAO.

2. The co-defendant Andover Housing Authority is a body politic and corporate entity pursuant to MGL ch. 121B, §1 with a principal place of business in Andover, County of Essex, Commonwealth of Massachusetts, and the co-defendant Christine Metzemakers was at all times in her official capacity the Executive Director of the AHA who maintained a usual place of business in Andover, County of Essex, Commonwealth of Massachusetts.

3. Co-defendants AHA and Metzemakers have been sued by the plaintiff for Federal Civil Rights Violations (Counts I and Count II) States Civil Rights Violation

(Count III); Assault and Battery (Count IV); Intentional Infliction of Emotional Distress (Count V).

## COUNT I - INDEMNIFICATION

4. Defendant Cousins reassert his allegations contained in paragraphs 1 through 3 above.

5. According to the allegations in the Complaints, co-defendants AHA and Metzemakers have committed civil rights violations and the torts of assault and battery and intentional infliction of emotional distress.

6. If the plaintiff did incur personal injury, the damages were due in whole or in part to the civil rights violations, assault and battery or intentional infliction of emotional distress of the co-defendants AHA and Metzemakers. In the event of finding in favor of the plaintiff against defendant, Cousins then the co-defendants AHA and Metzemakers are obligated to indemnify Cousins in whole or in part for the amount of finding or judgment for damages that might enter as against defendants Cousins.

## COUNT II - CONTRIBUTION

7. Defendant Cousins reasserts his allegations contained in paragraphs 1 through 6 above.

8. If the plaintiff was injured or damaged as alleged, then the damages were due in whole or in part to the civil rights violations, assault and battery and intentional

      infliction of emotional distress of co-defendants AHA and Metzemakers.

9. In the event of a finding in favor of the plaintiff against defendants Cousins, then the co-defendants AHA and Metzemakers are obligated to indemnify the defendants Cousins in whole or in part for the amount of finding or judgment for damages that might enter as against the defendants Cousins

Wherefore, the defendant Cousins demands judgment against co-defendants AHA and Metzemakers and the sum of any finding or judgment for damages that might enter as against the defendants Cousins plus interest and costs.

## JURY DEMAND

The defendants, Cousins requests a trial by jury on all counts.


      Defendant, Frank G. Cousins,
      By their Attorney,

      /s/ Stephen C. Pfaff
      Douglas I. Louison   BBO# 545191
      Stephen C. Pfaff   BBO#553057
      MERRICK, LOUISON & COSTELLO
      67 Batterymarch Street
      Boston, MA 02110
      (617) 439-0305

## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 22nd day of June, 2005, I served the foregoing electronically and by causing a copy to be mailed, postage prepaid, directed to Jeffrey Beeler, Esquire HEINLEIN & BEELER, P.C., 207 Union Street, South Natick, MA 01760 and

Martin Rooney, Esquire, Curley & Curley, P.C., 27 School Street, Boston, MA 02108.

/s/ Stephen C. Pfaff
Stephen C. Pfaff