### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

CA NO.  05CV11080GAO

JANE DOE,
      Plaintiff,

v.

SHERIFF OF ESSEX COUNTY d/b/a
ESSEX COUNTY CORRECTIONAL ALTERNATIVE
CENTER, FRANK G. COUSINS, JR., Individually and
in his Official Capacity as Sheriff of Essex County,
ANDOVER HOUSING AUTHORITY, and
CHRISTINE METZEMAKERS, Individually, and in her
Official Capacity as Executive Director of the Andover
Housing Authority,
      Defendants.

### DEFENDANT FRANK G COUSINS JR. AND SHERIFF OF ESSEX COUNTY D/B/A ESSEX COUNTY ALTERNATIVE CENTER'S MOTION TO DISMISS

**I.**      **STATEMENT OF THE CASE**

This is an action brought by the plaintiff for alleged injuries arising out of an alleged beating and rape of the plaintiff on April 26, 2003 at a property that was owned and controlled by the Andover Housing Authority ("AHA").   The plaintiff alleges negligence (Count I and II) against the AHA, as well as alleging a breach of warranty of habitability (Count III) and breach of the convenient of quiet enjoyment (Count IV) against the AHA.   The plaintiff further alleges negligence against Sheriff Cousins (Counts V, VI, VII and VIII).

In addition, the plaintiff alleges civil rights violations pursuant to 42 USC Section 1983 against all of the defendants (Count IX and X).

1

The case was initially filed in the Superior Court Department of Essex County but then removed by the defendants to this court.

Defendants, Frank G. Cousins, Jr., in his official capacity as Sheriff of Essex County and the Sheriff of Essex County d/b/a Essex County Correctional Alternative Center hereby moves to dismiss.

## II.   STATEMENT OF THE FACTS

On April 26, 2002, the plaintiff was a tenant at the AHA's Grandview Terrace Housing facility that was at all times relevant owned, operated or otherwise controlled by the defendants, AHA and Metzemakers.  (Complaint, ¶ 11.)  On April 26, 2002, the AHA was using the services of workers from the Essex County  Correctional Alternative Center, a pre-release program for Essex County Sheriff's Department inmates, including Juan Andrew Mattei.  (Complaint, ¶ 14.) While participating in a community service/ work release program of the CAC by doing maintenance work at the AHA, Mattei gained entry into the plaintiff's apartment and proceeded to beat and rape her.    (Complaint, ¶ 18.)   Mattei was subsequently convicted of related criminal charges and sentenced to thirty five years in state prison.    (Complaint, ¶ 21.)

## III.   ARGUMENT

### A.   Plaintiff's Claim Should Be Dismissed Against Defendant Cousins Either In His Individual Or Official Capacity Because The Plaintiff As A Matter Of Law Has Failed To State A Claim Upon Which Relief Can Be Granted.

### 1.   Against Sheriff Cousins In His Official Capacity.

It is well settled that a filing a civil action against an official in that person's official capacity - - in the instant case, against Frank G. Cousins, Jr. in his official capacity as Sheriff of Essex County - - is simply another way of suing the employer itself.  Chute v. City of

Cambridge,

201 F.R.D. 27, 29 (D. Mass. 2001);  Stratton v. City of Boston, 731 F. Supp. 42, 45 (D. Mass.

1989).

In 1999, the entity known as Essex County was dissolved by the Massachusetts

Legislature and all employee therein became employees of the Commonwealth of

Massachusetts. M.G.L. c. 34B.  Accordingly, Sheriff Cousins became an employee of the

Commonwealth of Massachusetts and when being sued in his official capacity, it is the same as

suing the Commonwealth of Massachusetts.

In addition, the Commonwealth of Massachusetts is immune from suit in the federal

courts under the Eleventh Amendment to the United States Constitution.  See Beauregard v.

Epstein, 1994 WL 523816 (D. Mass. 1994).  Therefore, because the Commonwealth of

Massachusetts is the employer, this case should be dismissed because this court does not have

jurisdiction.

Even if, however, this court had jurisdiction over a suit against the Commonwealth of

Massachusetts, the plaintiff would have to prove that the acts which he claims violated his civil

rights were done in accordance with a policy, practice or custom of the state.  Stratton at 47,

citing Monell v. New York City Department of Social Services, 463 US 658, 690 (1978); see

Britton v. Maloney, 901 F. Supp. 444, 448 (D. Mass. 1995).  There is not a shred of evidence

alleged by the plaintiff to show that there was some sort of custom, policy or practice of the

Commonwealth of Massachusetts of allowing inmates on pre-release work detail to beat other

individuals, and mere conclusory allegations will not survive a motion to dismiss. Stratton v.

City of Boston, 731 F. Supp. 42, 45 (D. Mass. 1989).

## 2.    **Against The Sheriff In His Individual Capacity.**

When a plaintiff brings a civil action against a person in his official and individual capacity, it is crucial that the parties be properly identified to provide complete clarity as to who the parties are and in what capacity they are being sued.  Attention to this detail is significant because it aides the court in determining which law will apply to each party.  <u>Chute</u>, 201 F.R.D at 28.  This is because defenses such as qualified immunity are available to a defendant only in his individual capacity, not in his official capacity.  (<u>Id</u>.).  Therefore, a judgment awarding money damages against a person in that person's individual capacity is enforceable against the assets of that individual, but a judgment against an individual in his official capacity would be enforceable only against the public entity that the individual represents.  (<u>Id</u>.).

In the instant case, in addition to defendant Cousins being eligible for the defense of qualified immunity (*infra*, Section C) because he is being sued in his individual capacity, the plaintiff would have to prove that defendant Cousins had knowledge of Lupo's propensity to be violent, either actual or constructive knowledge.  <u>Krohn v. United States</u>, 742 F. 2d. 24, 31 (1st Cir. 1984); <u>Stratton</u>, 731 F. Supp. at 49; see also <u>Almeida v. Flynn, et al</u>, 1992 WL 75171 (D. Mass. 1992).  Defendant Cousins cannot be liable to the plaintiff under the doctrine of *respondeat superior*.  <u>Monell</u>, 436 US 692. Unfortunately for the plaintiff, he cannot offer a scintilla of evidence to prove any knowledge by Cousins of the improprieties of  inmate Mattei.

Therefore, for the reasons expressed above, any claim against defendant Cousins in his individual capacity must be dismissed.

## 3.    **Qualified Immunity**

Government officials performing discretionary functions are shielded from damages so long as their conduct does not violate clearly established statutory constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 US 800, 818 (1982).  Even if the work assignments of the plaintiff were to be the basis of the plaintiff's claim of constitutional deprivation by the Sheriff - - under the theory that the Sheriff should have known that someone like defendant Lupo should not be placed in charge of the plaintiff - - such a discretionary function, absent any allegation that the Sheriff should have known of Lupo's propensity for violence, is shielded under the doctrine of qualified immunity.  A reasonable Sheriff would have understood that placing the plaintiff in a work environment such as the kitchen, under the direct control of Lupo, would not amount to a direct violation of the plaintiff's civil rights.

Accordingly, Cousins is entitled to qualified immunity.

**B.**     **The Essex County Correctional Facility Is Not A Recognized Legal Entity and a Suit Against the Sheriff in his Official Capacity is the Same as a Suit Against the Public Employer/ Entity.**

Essex County Correctional Facility ("ECCF") has been named as a defendant in this action.  However, ECCF is not a separate, legally distinct entity but a department within the Commonwealth of Massachusetts.  Accordingly, any and all claims brought against the ECCF are more appropriately directed against the Commonwealth of Massachusetts.  See Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989).

**IV.     CONCLUSION**

For the reasons expressed above, the ECCF and Sheriff Frank G. Cousins, Jr. in his official capacity as Sheriff of Essex County, move this honorable court to dismiss Counts IX and X.

Defendant, Frank G. Cousins,
By their Attorney,


/s/ Stephen C. Pfaff
Douglas I. Louison   BBO# 545191
Stephen C. Pfaff  BBO#553057
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305


## CERTIFICATE OF SERVICE

I, Stephen C. Pfaff, hereby certify that on the 22nd day of June, 2005, I served the foregoing by filing electronically and by causing a copy to be mailed, postage prepaid, directed to Jeffrey Beeler, Esquire HEINLEIN & BEELER, P.C., 207 Union Street, South Natick, MA 01760 and Martin Rooney, Esquire, Curley & Curley, P.C., 27 School Street, Boston, MA 02108.

/s/ Stephen C. Pfaff
Stephen C. Pfaff