UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.: 05-CV-11080-GAO

| | |
|---|---|
| JANE DOE, <br>     Plaintiff, <br> <br> v. <br> <br> SHERIFF OF ESSEX COUNTY d/b/a <br> ESSEX COUNTY CORRECTIONAL ALTERNATIVE <br> CENTER, FRANK G. COUSINS, JR., Individually, <br> and in his Official Capacity as Sheriff of Essex County, <br> ANDOVER HOUSING AUTHORITY, and <br> CHRISTINE METZEMAKERS, Individually, and in her <br> Official Capacity as Executive Director of the Andover <br> Housing Authority, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S CONDITIONAL OPPOSITION TO THE REMOVING DEFENDANTS' MOTION TO DISMISS

This conditional opposition to the Defendant's motion to dismiss is filed for the Court's consideration in the event that the Court decides not to grant the Plaintiff's Assented-to Motion to Remand which is currently pending before the Court. In the event that the Court does not remand this case as requested in that Assented-to Motion to Remand, the Plaintiff hereby requests that the Court deny the Motion to Dismiss filed by the Defendants, Sheriff of Essex County d/b/a Essex County Correctional Alternative, Frank G. Cousins Jr., in his official capacity and Frank G. Cousins Jr., in his individual capacity ["the removing Defendants"]. In further support of this motion, the Plaintiff states the following.

1

## Introduction

This is a civil rights and tort case against all the Defendants arising out of the beating and rape of the Plaintiff, on April 26, 2003, at a property that was owned and controlled by the Andover Housing Authority ["AHA"]. On that date, Alexander Mattei, an inmate at the Essex County House of Correction, was on the premises of the AHA as part of a community service/work release program run by the Essex County Sheriff under a program referred to as the Essex County Correctional Alternative Center ["CAC"]. Despite requirements that participating inmates be non-violent and properly supervised at all times, Mattei, who was violent and unsupervised on April 26, 2002 beat and sexually assaulted the Plaintiff who is mentally handicapped and blind in her AHA apartment.

A.     **Factual Background**:

On or about February 28, 1997 the AHA entered into an agreement with the Sheriff whereby the Sheriff would provide to the AHA community service workers from the CAC. From the inception of the CAC's work in Andover, and by January 20, 1998 at the latest, the Sheriff had affirmatively represented that CAC workers, all of whom were convicted criminals, were "carefully screened before being sent out to work." Indeed, applicable, law, regulation and policy required that such screening occur. Moreover, the agreement between the AHA and the Sheriff provided that CAC workers would be supervised at all times.

On April 26, 2002 the Plaintiff was a tenant at the AHA's Grandview Terrace housing facility that was at all times relevant owned, operated or

otherwise controlled by the AHA and Christine Metzemakers. Grandview Terrace was at all times relevant an affordable housing facility for seniors and disabled persons. The Plaintiff was at all times relevant a disabled person in that she is developmentally disabled and visually impaired.

On April 26, 2002 the AHA was using the services of workers from the CAC, including Alexander Mattei, for maintenance work. At all times relevant, the CAC was owned, operated and/or otherwise controlled by the Sheriff and Cousins. At all times relevant, Alexander Mattei had an extensive criminal record including, on information and belief, breaking and entering and assault and battery, and should not have been recommended for, or allowed to participate in, a community service/work release program that would necessarily put him in unfettered contact with particularly vulnerable individuals such as the Plaintiff.

Despite the obligations of the AHA, Metzemakers, Sheriff and Cousins to properly screen and supervise Mattei and explicit and implicit assurances of safety concerning the use of inmate labor in a Housing Authority facility for particularly vulnerable people, such as the Plaintiff, Mattei was placed in the program and unsupervised by either the AHA, Metzemakers, Sheriff or Cousins. While participating in the community service/work release program and while unsupervised, Mattei, who had reportedly been previously convicted of breaking and entering and assault and battery, gained entry into the Plaintiff's apartment and proceeded to viciously beat and rape her. On information and belief, the entry was facilitated, in part, due to the AHA's negligent failure to provide and maintain

3

adequate locks on the Plaintiff's door, despite its statutory and regulatory obligation to do so.

The rape and injuries were originally caused by the negligence and/or gross negligence of the AHA, Metzemakers, Sheriff and Cousins. Mattei was subsequently convicted of related criminal charges and sentenced to 30 to 35 years in state prison.

**B.     Procedural Background**:

Pursuant to G.L. c. 258, § 4, the Plaintiff timely presented her claims to the AHA and Sheriff. The AHA and Sheriff denied the Plaintiff's claims. On April 21, 2005 the Plaintiff filed suit against the Defendants in the Essex County Superior Court. The Plaintiff's claims included claims for violations of her civil rights. 42 U.S.C § 1983, et seq. On May 24, 2005 counsel for the removing Defendants filed a Notice of Removal with this Court. On June 22, 2005, counsel for the removing Defendants filed a Motion to Dismiss. In their motion, the removing Defendants allege, inter alia, the Plaintiff's complaint should be dismissed because her claims are barred by the 11th Amendment to the United States Constitution. The removing Defendants argue that upon the dissolution of Essex County, the Defendants, Sheriff of Essex County d/b/a Essex County Correctional Alternative and Frank G. Cousins Jr, in his official capacity, became a department and an employee of the Commonwealth of Massachusetts respectively.

C.  **Argument:**

1.  **The Defendants Motion To Dismiss Should Be Denied Because This Court Does Not Have Subject Matter Jurisdiction Over This Case**

This Court does not have subject matter jurisdiction over this case. As such, this Court is precluded from reaching the merits of the Defendants' motion to dismiss and is required to remand this case to the state court from which it was removed. See 28 U.S.C. § 1447(c); Mills v. Harmon Law Offices, P.C., et al., 344 F. 3d 42, 45 (1st Cir. 2003); see also Christopher v. Stanley Bostitch, Inc., 240 F. 3d 95, 100 (1st Cir. 2001). ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").

Congress has determined that defendants may choose the federal forum whenever the claim(s) asserted by the plaintiff state a cause of action over which original federal jurisdiction exists. 28 U.S.C. § 1441. Title 28 U.S.C. § 1441 states, in relevant part, that:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

28 U.S.C. § 1441.

The statute plainly provides that a cause of action may be removed to federal court only where the federal court would have had original jurisdiction over the action had it been brought in federal court initially. Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702 (1972). Further, the language of 28 U.S.C. § 1447(c) provides that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." (emphasis added). 28 U.S.C. § 1447(c). Moreover, the language of 28 U.S.C. § 1447(c) unambiguously precludes a federal court from reaching the merits of a removed case when it lacks subject matter jurisdiction over the dispute. See 28 U.S.C. § 1447(c); Mills at 45.

In this case, the Plaintiff brought claims against the Defendants in the Essex County Superior Court alleging, inter alia, violations of her civil rights. 42 U.S.C § 1983, et seq. These "federal question" claims provided the basis for the Defendants' removal to this court. 28 U.S.C. § 1441(b). Once removed, the removing Defendants filed a motion to dismiss arguing that upon the dissolution of Essex County, the Defendants, Sheriff of Essex County d/b/a Essex County Correctional Alternative and Frank G. Cousins Jr, in his official capacity, became a department and an employee of the Commonwealth of Massachusetts. The removing Defendants further argue that the Plaintiff's complaint should, therefore, be dismissed because her claims are barred by the 11th Amendment to the United States Constitution.

Existing case law under the 11th amendment establishes unequivocally that a federal court is without jurisdiction to decide a claim brought against a state by its citizen, unless a state statute provides to the contrary. Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The Supreme Judicial Court has already decided that the Commonwealth of Massachusetts has not consented to suit in federal courts. See Irwin v. Commissioner of Department of Youth Services, 388 Mass. 810 (1983). The law of this jurisdiction leads to the unmistakable conclusion that the 11th amendment precludes claims of any nature against the Commonwealth or its agencies in federal court. See Shepard v. Egan, et al., 767 F. Supp. 1158, 1161 (D. Mass. 1990). Therefore, should this Court determine that the Plaintiff's claims are claims against the Commonwealth this court would then be divested of its subject matter jurisdiction over this dispute. See 28 U.S.C. § 1447(c); Mills at 45. As such, this Court would be precluded from reaching the merits of the Defendants' motion to dismiss and would be required to remand this case to the state court from which it was removed. Id.

The literal words of § 1447(c) give this Court no discretion to dismiss rather than remand this case. See Mills at 45; see also Smith v. Wis. Dep't of Agric., Trade, and Consumer Prot., 23 F. 3d 1134, 1139 (7th Cir. 1994). ("The point of section 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance. The merits of the . . . claim are therefore irrelevant to this determination."). The Defendants' motion should, therefore, be denied and this case should be remanded back to the

Essex County Superior Court.

### 2. The Defendants Motion To Dismiss Should Be Denied Because It Does Not Appear Beyond Doubt That The Plaintiff Can Prove No Set Of Facts In Support Of Her Claims Against Frank G. Cousins Jr. In His Individual Capacity

In their motion, the removing Defendants argue that the Plaintiff's claims against the Defendant, Frank G. Cousins Jr. in his individual capacity should be dismissed pursuant to Fed. R. Civ. 12(b)(6). See Defendant Frank G. Cousins Jr. And Sheriff of Essex County d/b/a Essex County Alternative Center's Motion To Dismiss, ¶ III(A)(1) and (2). In particular, the Defendant argues the Plaintiff's claims against him, in his individual capacity, for violations of 42 U.S.C. § 1983, et seq. should be dismissed because he is entitled to the defense of qualified immunity. Id. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that dismissal is appropriate where a party "fails to state a claim upon which relief can be granted." Fed. R. Civ. 12(b)(6). A claim should be dismissed pursuant to Rule 12(b)(6), however, only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Roeder v. Alpha Indus. Inc., 814 F.2d 22, 25 (1st Cir. 1987). In considering a motion to dismiss pursuant to Rule 12(b)(6), "a court should not decide questions of fact." Id. Rather, the court "must view the facts presented in the pleadings and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party." Hathaway v. Stone, 687 F. Supp. 708, 710 (D. Mass. 1988). Given the facts of this case and the standard of review the Defendants' motion

should be denied.

Public officials, such as Sheriff Cousins, accused of civil rights violations may raise the defense of qualified immunity to protect them from personal liability arising out of their actions. See Bechard v. Commonwealth of Massachusetts, et al., 1998 Mass. Super. LEXIS 363, 9 (1998); Stratton et al., v. City of Boston, 731 F. Supp. 42, 48 (1989). If, however, the officials conduct violated some right emanating from federal law, and if the law was clearly established at the time of the infringement, so that an objectively reasonable actor would have realized that his conduct violated the plaintiff's rights, then the qualified immunity defense is unavailable. Stella v. Kelley, 63 F.3d 71, 73 (1st Cir. 1995).

In this case, the Plaintiff claims the: (1) the Sheriff had affirmatively represented that CAC workers, all of whom were convicted criminals, were "carefully screened before being sent out to work."; (2) applicable, law, regulation and policy required that such screening occur; and (3) the agreement between the AHA and the Sheriff provided that CAC workers, such as Alexander Mattei, would be supervised at all times. Despite the obligations of Cousins to properly screen and supervise Mattei and explicit and implicit assurances of safety concerning the use of inmate labor in a Housing Authority facility for particularly vulnerable people, such as the Plaintiff, Mattei was placed in the program and unsupervised by either the AHA, Metzemakers, Sheriff or Cousins.

By these actions, the Defendant deprived the Plaintiff of her clearly established constitutional rights including her constitutionally recognized liberty

and due process rights embodied in the 4th, 5th and 14th amendments to safety in her personal and bodily integrity and freedom from sexual assault by an inmate who at all times relevant remained in the custody of the Defendant. Viewing these facts and all reasonable inferences in the light most favorable to the Plaintiff, it is clear the Defendants' motion to dismiss should be denied.

**WHEREFORE**, since this Court does not have subject matter jurisdiction over this case, this Court is precluded from reaching the merits of the Defendants motion to dismiss and is required to remand this case to the state court from which it was removed. Further, should this court determine this case should not be remanded the Plaintiff respectfully requests an Order denying the Defendants, Sheriff of Essex County d/b/a Essex County Correctional Alternative, Frank G. Cousins Jr., in his official capacity and Frank G. Cousins Jr., in his individual capacity, motion to dismiss.

Respectfully Submitted,
The Plaintiff,
By Her Attorney,

_____
Jeffrey S. Beeler, Esq. (BBO# 563678)
HEINLEIN & BEELER, P.C.
207 Union Street
South Natick, MA 01760
(508) 655-8700 (Tel)
(508) 655-2700 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 20 day of July, 2005, I served a true and accurate copy of the foregoing document by first class mail, postage prepaid on:

Martin Rooney, Esq.
Curley & Curley
27 School Street
Boston, MA 02108

Stephen C. Pfaff, Esq.
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA 02110



Jeffrey S. Beeler